Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>REILY WILLIAM ARAMBUL,<br><br>　　　　　　Defendant. | 2:23-CR-00066-MKD-1<br><br>United States' Response to Defendant's Sentencing Memorandum |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following Response to Defendant's Sentencing Memorandum. (ECF No. 37). The United States maintains a sentence of 70 months incarceration, followed by 3 years of supervised release is a fair, just, and reasonable sentence that is no greater than necessary to meet the interests of federal sentencing principles.

I.　　Introduction

The United States submits a sentence of 60 months incarceration is inadequate to meet the interests of federal sentencing principles and the 18 U.S.C. § 3553(a)

United States' Response to Defendant's Sentencing Memorandum - 1

factors. First, a sentence of 60 months incarceration would discount the seriousness of the Defendant's actions. Second, a sentence of 60 months would fail to convey a strong message of both general and specific deterrence. Third, a sentence of 60 months would fail to adequately punish the Defendant for knowingly and intentionally violating the law.

## II.    Factual Basis

The United States relies on the facts as presented in the plea agreement, the PSIR, and any additional facts developed during the course of the sentencing hearing. ECF No. 25, 39.

## III.    Response to Defendant's Sentencing Recommendation

As noted by the Defendant's brief "[T]he punishment should fit the offender and not merely the crime." *Pepper v. U.S.*, 562 U.S. 476, 487-88 (2011) (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)). Here, the United States' recommendation of 70 months incarceration, followed by three years of supervised release appropriately reflects not merely the crime the Defendant has been convicted of but the Defendant himself.

a. Nature and Circumstances of the Offense:

The Defendant's sentencing memorandum does not significantly address the serious and egregious facts and circumstances of this offense. As noted in the plea agreement, the PSIR, and the United States' response to the Defendant's PSIR objections, the Defendant on the night of the incident, engaged in a course of conduct that placed innocent bystanders, an acquittance who gave him a ride, responding police officers, and himself in grave danger. (ECF Nos. 25, 32, 39). When considering an appropriate sentence, including a term of imprisonment, the Court should consider the nature and circumstances of the offense. Here, the nature and circumstances of the offense warrant a higher sentence than 60 months as recommended by the Defendant. The United States submits a sentence of 70 months

more appropriately captures the gravity of the Defendant's actions, as well as balances the remaining 18 U.S.C. § 3553(a) factors.

　　b. Characteristics and Criminal History of the Defendant:

　　　　The Defendant's characteristics and criminal history further support a sentence of 70 months. The Defendant has repeatedly violated the law, even while on supervision. Beginning in 2016, at the age 20, the Defendant was convicted in the State of Alaska of Third Degree Misconduct Involving a Controlled Substance and Fourth Degree Misconduct Involving a Weapon - Firing Recklessly. (ECF No. 39, ¶46). Notable from the facts is the Defendant fired a rifle at another vehicle in close proximity to a playground. *Id.*, ¶52. When contacted by law enforcement, the Defendant indicated it as a bad dope deal and while handing the officer methamphetamine, said he just wanted to be done forever. *Id.* Following this felony conviction, he was convicted of another felony offense approximately one year later for Failure to Stop at the Direction of an Officer and Third Degree Assault – Cause Fear of Injury with Weapon. *Id.*, ¶56. In 2021, he was convicted of a controlled substance offense in Texas. *Id.*, ¶61. In 2022, he was convicted of Taking a Motor Vehicle without Permission. And Attempting to Elude a Police Vehicle. *Id.*, ¶ 67. These two convictions, like the offense currently before the Court, occurred while the Defendant was under supervision by the State of Washington in agreement with the State of Alaska. *Id.*, ¶78. As noted by the DOC officer, the Defendant had repeated violations for failure to report, drug violations, leaving treatment without completing the program, and absconding. *Id.* Accordingly, the Defendant's acts in this case, which are remarkably similar to his past criminal acts where he received more lenient sentences, tend to warrant a more significant sentence.

　　c. Public Safety, Deterrence, and Rehabilitation:

　　　　Moreover, the Defendant argues that a shortened period of incarceration is warranted and that he should receive treatment while in custody. Specifically, the Defendant states "[B]ased on decades of research, we know that supervision and

United States' Response to Defendant's Sentencing Memorandum - 3

treatment – not lengthy incarceration – most effectively prevent recidivism." (ECF No. 37, p. 11, lns 14-15).  However, this statement is belied by the facts of this case. At the time of this offense the Defendant was on supervision.  Moreover, at the time of other offenses leading up to this conviction, the Defendant was on supervision and required to attend treatment, which the Defendant violated.  The Defendant has been given opportunities through shortened prison sentences and treatment to rehabilitate; the Defendant has not seized on those opportunities.  Rather, the Defendant continued to engage in violations of the law that put others at risk.  Thus, while the study cited by the Defendant indicates rates of success in reducing recidivism, the Defendant's actions in this case stand in stark contrast of those results.  Therefore, while the United States agrees treatment for mental health and substance abuse is warranted, that should not be at the expense of ensuring the public's safety and deterring the Defendant from committing crimes through a substantial prison sentence.  The United States believes to appropriately meet this immediate need, a sentence of 70 months is just and appropriate.

  d. Consistency in Sentencing and Collateral Consequences:

   Additionally, the Defendant cites to data indicating below guideline sentences are commonplace in U.S.S.G. §2K2.1 cases.  However, the Defendant cites to no data that supports a below guideline sentence is appropriate or has been imposed in cases involving similar facts and circumstances.  This case is not simply a felon in possession of a firearm case.  The Defendant's actions in this case placed others at risk of harm.  Accordingly, the United States submits a sentence of 70 months incarceration is appropriate.

   Moreover, the Defendant indicates he should receive a reduced sentence because of collateral consequences.  While the United States is empathetic to the Defendant's status as a felon and the collateral consequences that follow, that is not itself a basis warranting a reduced sentence. The Defendant was well aware of the collateral consequences of his actions, having already been convicted of multiple

United States' Response to Defendant's Sentencing Memorandum - 4

felony offenses.  Yet knowing this, the Defendant made the choice to possess a firearm unlawfully.  The Defendant made a choice to threaten occupants of an apartment building.  The Defendant made a choice to commandeer the vehicle of another to evade the police.  The Defendant's choices have brought him to where he is today.  The Defendant should not now derive a benefit from his negative choices and repeated disregard for the law.

## IV.    Conclusion

For the foregoing reasons, the United States submits a sentence of 60 months is an inadequate sentence to reflect the seriousness of the Defendant's actions, deter future criminal acts, and ensure the safety of the community.  Accordingly, the United States requests the Court impose a sentence of 70 months imprisonment, followed by a three-year term of supervised release.

Dated:  December 28, 2023.

Vanessa R. Waldref
United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

United States' Response to Defendant's Sentencing Memorandum - 5

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ryan Farrell
ryan_farrell@fd.org

                                              *s/ Patrick J. Cashman*
                                              Patrick J. Cashman
                                              Assistant United States Attorney